UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRIS LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21 CV 374 CDP |
| ) | |
| THE DOW CHEMICAL COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This Memorandum and Order addresses the motions currently pending in this removed case, including plaintiff Kris Lindsey's motions for leave to file a second amended complaint, to remand, and for a hearing; as well as the various motions filed by several defendants both pre- and post-removal.[1] For the reasons set forth below, I conclude that the Johnson & Johnson defendants properly removed this diversity case to this Court. The other defendants Lindsey named in this action were fraudulently joined and, to the extent they remain pending, will be dismissed. Finally, because Lindsey's primary purpose in seeking to amend his

---

[1] When this action was removed in March 2021, the operative complaint was Lindsey's first amended petition in which he named twelve defendants. After several voluntary dismissals post-removal, the remaining defendants at this time are Grinnell, LLC; Honeywell International, Inc.; Johnson & Johnson; Johnson & Johnson Consumer, Inc.; J.P. Bushnell Packing Supply Co.; the J.R. Clarkson Company; and Metropolitan Life Insurance Company. Johnson & Johnson and Johnson & Johnson Consumer, Inc., are the defendants who removed the action to this Court. I refer to them collectively in this Memorandum as the "Johnson & Johnson defendants."

complaint – that is, to defeat removal jurisdiction by adding a Missouri defendant – is improper in the circumstances of this case, I will deny his motion to amend and his related motion to remand. I will also deny Lindsey's motion for hearing. The case will be set for a Rule 16 Scheduling Conference by separate Order.

## Background

Plaintiff Kris Lindsey was diagnosed with mesothelioma on September 26, 2020. Lindsey alleges that he developed mesothelioma because of asbestos exposure allegedly attributable to the defendants. Lindsey filed suit in the Circuit Court of the City of St. Louis, Missouri, on November 19, 2020, initially alleging that he had been exposed to asbestos dust as a child by his father, who worked with asbestos-containing products and carried asbestos dust home on his clothing. ECF 5. On January 5, 2021, Lindsey filed an amended petition that removed the allegations relating to his father and instead alleged that he was "continually exposed to Johnson & Johnson Baby Powder during diaper changes as an infant and toddler and through personal use throughout his entire life" until 2020.[2] ECF 6 at ¶ 1. His slightly more specific allegation about the baby powder is that he was exposed to "asbestos fibers and/or asbestiform fibers emanating from Johnson & Johnson Baby Powder in and around St. Louis City, Missouri, which was

---

[2] The first amended petition does not allege exposure attributable to any other specific product, nor does it allege any other asbestos-containing products that were manufactured by any other specific defendant.

manufactured, sold, distributed by the Defendants." ECF 6 at ¶ 2.  He next alleges that he was exposed to asbestos from "certain products" used by his parents and "applied to Plaintiff's body" in St. Louis, "which were manufactured, sold, distributed by the Defendants and each of them." ECF 6 at ¶ 2.  Counts I, II, and III of the amended petition assert Missouri state-law claims for strict liability, negligence, and willful misconduct against all defendants.  Count IV alleges that two defendants and a non-party conspired with "the Defendants" and with others "to suppress and misrepresent the hazards of exposure to asbestos." ECF 6 at ¶ 25.

Upon obtaining initial interrogatory answers from Lindsey, the Johnson & Johnson defendants removed the case to this Court on March 26, 2021, asserting diversity jurisdiction.  28 U.S.C. §§ 1332, 1441.  The Johnson & Johnson defendants, citizens of the State of New Jersey, averred in their notice of removal that Lindsey is domiciled in the State of Florida and that because he only alleged exposure to asbestos from its baby powder product, all other defendants named in the amended petition had been fraudulently joined.  Lindsey has not responded to the Johnson & Johnson defendants' assertion of fraudulent joinder of the other defendants.[3]

---

[3] The state court record indicates that Lindsey is domiciled in and a citizen of the State of Florida.  *See* ECF 1-2 at p. 2, Interrog. Ans. No. 2.  Lindsey claims that he filed this lawsuit in Missouri because he lived in and around the St. Louis area as an infant, which is when he was allegedly first exposed to Johnson & Johnson Baby Powder.  Amd. Petn., ECF 6 at p. 2.  Lindsey alleges that defendant J.P. Bushnell is a Missouri company, but he makes no specific factual allegations against this defendant.

On April 9, 2021, Lindsey moved in this Court for leave to file a second amended complaint to add additional claims and join an additional defendant, Schnuck Markets, Inc. (Schnucks), which he avers is incorporated in and thus a citizen of the State of Missouri.  Although the proposed second amended complaint names Schnucks, the only additional factual allegations come in the proposed additional counts, which are warranty claims under Missouri law alleging that "Defendants" "designed, manufactured, assembled, sold, distributed, and introduced into the stream of commerce the baby powder."  ECF 48-1 at ¶ 34.  On April 22 (two weeks after filing the motion to amend), Lindsey moved to remand the case to state court, contending that the joinder of Schnucks precludes removal of this action under 28 U.S.C. § 1441(b)(2), commonly referred to as the "forum defendant rule," which prohibits removal of an otherwise diverse action "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  The Johnson & Johnson defendants oppose Lindsey's motions to amend and to remand, arguing that Lindsey is attempting to fraudulently join Schnucks to defeat federal jurisdiction.

Separately, before this case was removed, several defendants each filed motions to dismiss for lack of personal jurisdiction and for failure to state a claim.  These motions were pending at the time the case was removed to this Court.  Lindsey's voluntary dismissal of some defendants post-removal mooted some of

these motions, but others remain pending – specifically those filed by J.P. Bushnell Packing Supply Co., Grinnell LLC, and Honeywell International, Inc.  As discussed below, I am denying Lindsey's motion to amend and his motion to remand.  The pending motions to dismiss therefore remain directed to Lindsey's state-court filed amended petition.[4]  I must first determine, however, if I have jurisdiction over this action, which requires me to address the Johnson & Johnson defendants' assertion of fraudulent joinder before addressing anything else.

## Fraudulent Joinder

As noted above, the Johnson & Johnson defendants removed the action to this Court based on federal diversity jurisdiction, claiming an amount in controversy exceeding $75,000 and complete diversity of citizenship between plaintiff Lindsey, who is a citizen of Florida, and themselves, who are citizens of New Jersey.  As for the other ten named defendants in Lindsey's amended petition, the Johnson & Johnson defendants argue that I need not consider their citizenship because Lindsey fraudulently joined them to this lawsuit.  Given that neither Lindsey nor the Johnson & Johnson defendants have adequately asserted the citizenship of these other defendants, I can exercise diversity jurisdiction only if these other defendants were fraudulently joined to the action.

---

[4] To the extent the Johnson & Johnson defendants and Grinnell also filed motions in state court to transfer venue from the City of St. Louis, the motions will be denied as moot.

In his amended petition filed January 5, 2021, Lindsey named the following as defendants: The Dow Chemical Company; General Electric Company; Grinnell, LLC; Honeywell International, Inc.; John Crane, Inc.; Johnson & Johnson; Johnson Consumer, Inc.; J.P. Bushnell Packing Supply Co.; The J.R. Clarkson Company; Metropolitan Life Insurance Company; PTI Union, LLC; and Viacom CBS, Inc. ECF 6. When this action was removed on March 26, all of these named defendants remained in the case. Although Lindsey has since dismissed Dow Chemical, General Electric, John Crane, PTI Union, and Viacom (*see* ECF 50, 59, 64, 76, 77), federal subject-matter jurisdiction must be determined at the time of removal. *See Salinas v. USAA Cas. Ins. Co.*, No. 4:10CV1103-DJS, 2010 WL 2990126 (E.D. Mo. July 27, 2010).

In his amended petition, Lindsey avers that "[o]ne or more Defendants are citizens of the State of Missouri," but he identifies J.P. Bushnell as the only defendant that is a Missouri corporation. Lindsey identifies all other defendants as "foreign corporations." ECF 6 at ¶¶ 5-6. In the notice of removal, the Johnson & Johnson defendants do not state the citizenship of any of these defendants. With respect to corporate defendants, a proper statement of citizenship includes the corporation's place of incorporation and its principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). None is stated, however, in

Case: 4:21-cv-00374-CDP   Doc. #:  81   Filed: 10/22/21   Page: 7 of 16 PageID #: 2472 (wrapped below)

Lindsey's amended petition or in Johnson & Johnson's notice of removal as to the non-Johnson & Johnson corporate defendants. And the citizenship of a limited liability company is based on the citizenship of all its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). But neither the amended petition nor the notice of removal identifies the members of the LLC defendants or states the citizenship of any of their members.

I need not consider the citizenship of these corporate or LLC defendants, however, if they were fraudulently joined to this lawsuit. *Parnas v. General Motors Corp.*, 879 F. Supp. 91, 92 (E.D. Mo. 1995). A plaintiff cannot defeat a defendant's "right of removal" by fraudulently joining a defendant who has "no real connection with the controversy." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "To prove that a plaintiff fraudulently joined a diversity-destroying defendant, we have required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 977 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir. 2003)). I do not apply the more demanding standard used in determining Rule 12(b)(6) motions to dismiss for failure to state a claim. *See id.* at 980.

Assuming without deciding that the non-Johnson & Johnson defendants are potentially "diversity-destroying" defendants in this action, I turn to whether

Lindsey's claims against them have a reasonable basis in fact and law. For the following reasons, they do not and these defendants will be dismissed as being fraudulently joined to this action.

As to all non-Johnson & Johnson defendants, Lindsey alleges no facts from which a reasonable inference can be made that any of these defendants could be liable for any of his claims. The amended petition contains only vague, conclusory, and entirely unsupported allegations that the defendants, in general, "manufactured, sold, and/or distributed" some unspecified "asbestos-containing products" to which Lindsey was allegedly exposed at some unspecified point in his life. Lindsey does not identify any asbestos-containing product manufactured, sold, distributed, or installed by the non-Johnson & Johnson defendants that caused his alleged exposure; and he does not set forth any specific locations, dates, time frames, or circumstances under which he was exposed. Other than averring generally that "the Defendants" are liable for his injury, Lindsey makes no factual allegations at all against these defendants in particular, and thus no claims that have a reasonable basis in fact and law.

Moreover, Lindsey makes no argument in response to the Johnson & Johnson defendants' averment that these other defendants were fraudulently joined. And I note that in response to the defendants' various motions to dismiss filed in state court, Lindsey contends that he was exposed to asbestos "due to his

work with and around asbestos containing products," and he claims that he has stated sufficient facts attributing his exposure to asbestos dust "to certain products Plaintiff worked with and around which were manufactured, sold, distributed or installed by the Defendants and each of them." *See*, *e.g.*, ECF 24, at p. 5, ECF 27 at p. 5, ECF 28 at p. 5.  This response has nothing to do with Lindsey's claims in this lawsuit that he was exposed to asbestos fibers by his and his parents' application of Johnson & Johnson Baby Powder to his body beginning when he was an infant.

Accordingly, the non-Johnson & Johnson defendants were fraudulently joined to this action, thereby making their citizenship irrelevant to the Johnson & Johnson defendants' removal of the case to this Court on the basis of diversity jurisdiction.  I will dismiss the fraudulently joined defendants who remain pending in this action and will deny as moot their motions to dismiss for lack of personal jurisdiction and/or for failure to state a claim.  Because complete diversity of citizenship exists between plaintiff Lindsey and the remaining defendants, that is, Johnson & Johnson and Johnson Consumer, Inc., and there is no dispute that the amount in controversy exceeds $75,000, I have subject-matter jurisdiction over this action.

### Lindsey's Motions for Leave to Amend and to Remand

Lindsey's motion to remand is premised entirely on his ability to amend his

complaint to add Schnucks to this lawsuit, arguing that Schnucks' addition to this action destroys this Court's removal jurisdiction under the forum defendant rule. Given the interrelatedness of these motions, I will discuss them together.

In his motion to remand, Lindsey appears to admit that he seeks to add Schnucks as a defendant in order to defeat the jurisdiction of this Court.  While ordinarily "the court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), a more scrutinizing analysis is required when a plaintiff seeks to join a nondiverse party after removal. *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 308 (8th Cir. 2009).  Specifically, "[t]he Court is required to consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Id*. (internal quotation marks and citations omitted).

The timing of Lindsey's motion to amend (filed two weeks after removal) and of his related motion to remand (filed two weeks after his motion to amend) supports the inference and underscores Lindsey's not-so-veiled admission that he seeks to add Schnucks as a defendant in order to defeat federal jurisdiction – especially since Schnucks' alleged involvement in placing the baby powder in the stream of commerce was readily discoverable and likely known to Lindsey before he filed this lawsuit, but yet he did not name Schnucks as a defendant in either his

initial or amended petition in state court.[5]  Moreover, Lindsey has been dilatory in inexplicably waiting nearly six months to join a party he already knew – or could have easily discovered – was involved in his alleged injury.  *See, e.g., Bailey*, 563 F.3d at 309 (finding that plaintiff was dilatory in waiting a year to attempt to join a nondiverse defendant where the defendant's identity was known or readily discoverable).  Additionally, as Lindsey asserts that all defendants "are jointly and severally liable" for his alleged injury, he would theoretically be afforded a complete recovery if he were to prevail against the Johnson & Johnson defendants, even if Schnucks were not a party to this suit; accordingly, Lindsey will not be significantly injured if amendment is not allowed.  *See Cairo Marine Serv., Inc. v. Homeland Ins. Co. of New York*, No. 4:09CV1492 CDP, 2011 WL 1770949, at *4 (E.D. Mo. May 10, 2011).  Finally, Lindsey does not assert that Schnucks is both a necessary and indispensable party under Federal Rule of Civil Procedure 19, such that the Court would be required to accept his proposed amendment.  Accordingly, examination of the *Bailey* factors leads me to conclude that granting leave to amend the complaint for the admitted purpose of adding a perceived diversity-destroying defendant would be improper.

---

[5] This inference is supported by the fact that the only evidence of Schnucks' involvement consists of an affidavit signed by Lindsey's father indicating that he purchased Johnson & Johnson Baby Powder at Schnucks grocery stores around St. Louis when Lindsey was a child. ECF 53-4.  Even if he did not know this beforehand, Lindsey has not offered any explanation as to why he waited until nearly six months after filing suit to ask his father where he purchased the baby powder.

In the circumstances of this case, however, adding Schnucks to this lawsuit post-removal would not defeat diversity jurisdiction as Lindsey contends. Invoking the forum defendant rule, 28 U.S.C. § 1441(b)(2), Lindsey claims that Schnucks' presence in the lawsuit as a Missouri citizen bars this Court from exercising diversity jurisdiction over this removed action. Lindsey's argument is misplaced. Under § 1441(b)(2), "[a] civil action otherwise removeable solely on the basis of [diversity jurisdiction] may not *be removed* if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (Emphasis added.) When Lindsey sought to join Schnucks in April, this action had already been removed. Accordingly, at the time of removal, Schnucks was not a properly joined and served defendant. I am aware of no authority and Lindsey cites to none in which the forum defendant rule bars a federal court from exercising diversity jurisdiction over a removed action in which the purported forum defendant was joined after the action was properly removed from state court and had not yet been served.[6] *See McDonald v. Zurich Am. Ins. Co.*, No. 14-00553-CV-W-SWH, 2015 WL 12833705, at *3 (W.D. Mo. Oct. 21,

---

[6] Notably, when this action was removed in March, Missouri citizen J.P. Bushnell Packing Supply Co. remained as a defendant in the case. But Lindsey never sought to invoke the forum defendant rule as to J.P. Bushnell. Because Lindsey did not raise this possible non-jurisdictional defect within 30 days of removal, it is deemed waived. *Holbein v. Taw Enters., Inc.*, 983 F.3d 1049 (8th Cir. 2020). Regardless, given the fraudulent joinder of this defendant, the forum defendant rule likely would not have prevented my exercise of diversity jurisdiction over this removed action.

2015) ("The post-removal joinder of a forum defendant does not destroy subject matter jurisdiction nor require the remand of the case as long as complete diversity continues to exist.").

Although Lindsey cites *Loo v. General Elec. Co.* to support his argument that Schnucks may be properly named as a "stream of commerce" defendant, his focus for seeking the proposed amendment nevertheless remains on the improper and misguided purpose of attempting to defeat this Court's jurisdiction. In *Loo*, the court observed that, under Missouri law, "a defendant, whose liability is based solely on [its] status as a seller in the stream of commerce, may be dismissed from a product liability claim if another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claims." No. 4:10CV1444SNLJ, 2010 WL 3892216, at *2 (E.D. Mo. Sept. 29, 2010). The court held, however, that this affirmative defense by an innocent seller does not affect its potential liability "at the pleadings stage." *Id.* The court thus permitted the plaintiff to add the seller as a defendant to the removed action over the manufacturer-defendant's objection, and it remanded the case to state court given that the presence of the seller destroyed diversity jurisdiction. *Id.* at *3. Here, Lindsey invokes *Loo* as a basis to add Schnucks at the pleadings stage, but his motivation for doing so is to defeat federal jurisdiction and remand rather than the propriety of the amendment.

Accordingly, because Lindsey seeks to amend his complaint for an improper purpose, I cannot find that "justice requires" me to "freely give" him leave to file it. Fed. R. Civ. P. 15(a)(2). I will therefore deny Lindsey's motion for leave to amend his complaint, but without prejudice to his seeking leave for a proper purpose. I will also deny Lindsey's motion to remand given that with or without adding Schnucks as a defendant to the case, the forum defendant rule does not apply and complete diversity of citizenship exists between plaintiff as a Florida citizen and the only remaining defendants in this action, namely New Jersey citizens Johnson & Johnson and Johnson Consumer, Inc.; and would continue to exist even if Schnucks, a Missouri citizen, was added to the case.

## Lindsey's Motion for Hearing

While Lindsey did not file any reply briefs in support of his motions to amend and to remand, he contends that there are unspecified "issues" arising out of these motions that require a hearing. This Court's Local Rules require a party requesting presentation of oral argument in connection with a motion to "briefly [set] forth the reasons which warrant the hearing of oral argument or testimony." E.D. Mo. L.R. 4.02. Lindsey's bare assertion of "issues" does not warrant a hearing, and his motion for a hearing is denied.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that, given the fraudulent joinder of

defendants The Dow Chemical Company; General Electric Company; Grinnell, LLC; Honeywell International, Inc.; John Crane, Inc.; J.P. Bushnell Packing Supply Co.; The J.R. Clarkson Company; Metropolitan Life Insurance Company; PTI Union, LLC; and Viacom CBS, Inc., plaintiff Kris Lindsey's claims against these defendants are **DISMISSED** to the extent they remain pending as defendants in this action.  **Defendants Johnson & Johnson and Johnson Consumer, Inc., are the only remaining defendants in the case.**

  **IT IS FURTHER ORDERED** that the motions to dismiss filed by fraudulently joined defendants J.P. Bushnell Packing Supply Co. [12], Grinnell, LLC [17], and Honeywell International, Inc. [21] are **DENIED as moot.**

  **IT IS FURTHER ORDERED** that the motions to transfer venue filed by defendant Grinnell, LLC [18] and the Johnson & Johnson defendants [22] are **DENIED as moot.**

  **IT IS FURTHER ORDERED** that plaintiff Kris Lindsey's Motion for Leave to Amend [48] is **DENIED without prejudice.**  The Clerk of Court shall **STRIKE** from the docket plaintiff's Second Amended Complaint (ECF 49), which plaintiff's counsel improvidently docketed as a separate pleading in this action on April 12, 2021.

  **IT IS FURTHER ORDERED** that plaintiff Kris Lindsey's Motion to Remand [52] and Motion for Hearing [72] are **DENIED**.

This matter will be set for a Rule 16 Scheduling Conference by separate Order.

                                           _____
                                           CATHERINE D. PERRY
                                           UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2021.